IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rachael Marie Ponto Rivera, | ) C/A No. 6:16-cv-03563-HMH-KFM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Womens Healthcare, Bon Secours St. Francis Health System, Margaret E. Burton, Maduka Odogwu, | ) |
| Defendants. | ) |

The plaintiff, proceeding *pro se*, brings a civil action pursuant to 42 U.S.C. § 1983 seeking monetary damages. The plaintiff is a non-prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the district court. The undersigned recommends that Womens Healthcare and Bon Secours St. Francis Health System ("Bon Secours") be dismissed from the case.

**BACKGROUND**

The plaintiff alleges discrimination on the basis of race, disability, and gender and violations of her Fourth Amendment rights (doc. 1 at 4). She states that she was told that Womens Treatment was a part of St. Francis Bon Secours state hospital; it appears that Margaret Burton and Moduka Odgowa are employees of Womens Healthcare (*id*. at 8, 9, 11). The plaintiff alleges that she is a pregnant, low income, disabled woman and a

minority (*id*. at 4). She went to Women's Healthcare for treatment during her pregnancy (*id*. at 8). She contends that she willingly gave a urine sample; however, she did not give permission for a drug test and there was no probable cause for one to be administered (*id*. at 4, 8). The plaintiff alleges that a urinanalysis was performed in order to report her to "outside agencies and law enforcement" (*id*. at 8). She also appears to make a claim for medical malpractice; she asserts that she received an improper physical examination from Dr. Odgowa that amounted to an assault (*id*. at 9). She states that she needed more antibiotics to treat an e-coli infection; however, Dr. Odgowa refused to prescribe them without completing a physical examination (*id*. at 10). The plaintiff alleges that someone put in her medical chart that she was a high-risk pregnancy and had not received proper medical care; she requested that this information be taken out of her chart, Dr. Odgowa agreed to take it out of her chart, and the staff at Womens Healthcare failed to correct her chart (*id*. at 10–11).

The plaintiff seeks removal of her medical record from the internet; $385 for the drug screening; $1,500,000 for emotional distress to the plaintiff, for any untreated illness suffered by the fetus, and for injury suffered during the plaintiff's examination (*id*. at 6).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Womens Healthcare and Bon Secours cannot be sued under § 1983 because they are not a person. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Therefore, Womens Healthcare and Bon Secours should be dismissed from this action because the plaintiff fails to state a § 1983 claim against them.

## RECOMMENDATION

For the foregoing reasons, it is recommended that theWomens Healthcare and Bon Secours St. Francis Health System be dismissed from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending against Margaret E. Burton and Maduka Odogwu at this time. **The petitioner's attention is directed to the important notice on the next page.**

January 9, 2017                                          s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).